IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SHONDOLYN BLEVINS,

    Petitioner,

v.                                       CASE NO. 4:17-cv-443-MW-GRJ

WARDEN, FCI TALLAHASSEE,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

This case is before the Court on ECF No. 1, Petitioner's *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner is a federal prisoner presently confined at Carswell Federal Medical Center. The Petition stems from a prison disciplinary proceeding against Petitioner while she was confined at FCI-Tallahassee which resulted in the loss of good conduct time. Petitioner contends that the charges against her were false, that she was denied due process during the disciplinary proceeding, that the BOP's disciplinary rules are unconstitutional, and that she was denied the right to appeal her disciplinary conviction. ECF No. 1. Respondent has filed a motion to dismiss the Petition for failure to exhaust BOP administrative remedies, together with relevant portions of the administrative record. ECF No. 16.

Respondent also contends that the Petition is due to be denied on the merits. *Id.* Upon due consideration of the Petition, the Response, and the administrative record, the undersigned recommends that Respondent's motion be granted and the Petition dismissed.

## Background

Respondent's exhibits reflect the following. In September 2016, Petitioner submitted a BP-148 "Inmate Request to Staff" addressed to "Dumb bitch C. Roberts." Petitioner complained about a previous disciplinary hearing by repeatedly referring to Roberts and other staff using curse words and offensive language. Petitioner was charged in Incident Report No. 2897384 with the prohibited offenses of "Threatening", "Being Insolent to Staff Member", and "Using Abusive Language". Petitioner was provided with written notice of the incident report. She waived her right to staff representation. At the hearing, Petitioner pleaded not guilty by reason of insanity. Based on Roberts' report and Petitioner's BP-148, she was found guilty of the latter two offenses and sanctioned with the loss of 14 days of good conduct time, forfeiture of 5 days of non-vested good conduct time, 45 days of disciplinary segregation, and six-month loss of telephone, commissary, and visiting privileges. ECF No. 16-1 at 16-30.

Petitioner filed two administrative remedy requests regarding the incident report. ECF No. 16-2, Decl. of Howard Williams. Petitioner filed Remedy ID No. 881860-R1 at the Regional Office level on November 7, 2016. That remedy was rejected the same day as illegible, and Petitioner was instructed that she could resubmit her request within 10 days. *Id.,* Attachment B (SENTRY computerized Administrative Remedy Generalized Retrieval for Remedy ID No. 881860-R1, dated February 1, 2018). Remedy ID No. 881860-R2, also appealing Incident Report No. 2897384, was submitted at the Regional Office Level on December 2, 2016. *Id.* at Attachment C (SENTRY computerized Remedy ID No. 881860-R2, dated February 14, 2018). This submission was also rejected on the same day as illegible. *Id.* Petitioner was again instructed to resubmit her submission. *Id.* Petitioner did not file any additional remedies regarding Incident Report No. 2897384. *Id.,* Attachment A (SENTRY computerized Administrative Remedy Generalized Retrieval for inmate Shondolyn Blevins, Fed. Reg. No. 15329-035, dated February 1, 2018).

## Discussion

**I. Petitioner failed to exhaust her administrative remedies.**

Challenges to prison disciplinary proceedings that resulted in the loss of good time credits are properly construed as habeas corpus claims.

*Preiser v. Rodriguez*, 411 U.S. 475, 478 (1973).  Section 2241 provides a basis for habeas review of the execution of a federal sentence, as opposed to the imposition of the sentence or conviction itself.  *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351 n.1, 1352 (11th Cir. 2008); *see Abdulhaseeb v. Ward*, 173 F. App'x 658, 659 n.1 (10th Cir. 2006) (claims challenging the deprivation of good time credits and other prison disciplinary matters attack the execution of a sentence and should be pursued via § 2241).

Federal prisoners must exhaust administrative remedies before seeking habeas relief under § 2241. *Skinner v. Wiley*, 355 F.3d 1293, 1294–95 (11th Cir. 2004); *see Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015.  Although the exhaustion requirement is not jurisdictional, "[e]xceptions to the exhaustion requirement apply only in 'extraordinary circumstances.'" *Jaimes v. United States*, 168 F. App'x 356, 359 (11th Cir. 2006) (quoting *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)). Extraordinary circumstances include "where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller*, 11 F.3d at 62. "[T]he petitioner 'bears the

burden of demonstrating the futility of administrative review.'" *Jaimes*, 168 F. App'x at 359 (quoting *Fuller*, 11 F.3d at 62).

The BOP has established an administrative remedy procedure with respect to inmate complaints. 28 C.F.R. § 542.10, *et seq.* Inmates must first informally present their complaints to the staff for attempted resolution. 28 C.F.R. § 542.13(a). If the informal resolution is unsuccessful, the inmate must execute the appropriate form to bring the matter to the attention of the Warden. 28 C.F.R. § 542.14. The Warden is then to respond to the inmate's complaint within twenty (20) calendar days. 28 C.F.R. § 542.18. If an inmate is dissatisfied with the Warden's response, she may then appeal to the Regional Director within twenty (20) calendar days. 28 C.F.R. § 542.15(a). If the response of the Regional Director is not satisfactory, the inmate may then appeal to the Central Office of the Federal Bureau of Prisons within thirty (30) calendar days, which is the final administrative appeal in the Bureau of Prisons. *Id.* An exception is made for appeals of Discipline Hearing Officer ("DHO") decisions, which are first raised directly to the Regional Office level and then to the Central Office level. 28 C.F.R. § 542.14(d)(4). If a remedy is rejected, it is returned to the inmate and the inmate is provided with a written notice explaining the reason for rejection. A copy of the remedy is not maintained by the Bureau of Prisons. 28 C.F.R.

§ 542.17(a). Accordingly, an inmate has not exhausted all available remedies to enable her to file suit in federal district court until her request for administrative remedy has been appealed to all levels of the BOP's administrative remedy program and has been denied at all levels.

The record demonstrates that Petitioner failed to properly exhaust her administrative remedies prior to filing the instant Petition. Petitioner failed to resubmit her rejected remedy at the Regional level and failed to pursue any remedies regarding Incident Report No. 2897384 at the Central Office level. Petitioner contends that her appeal was "unjustly refused" at the Regional level, but her conclusional assertion falls far short of establishing the "extraordinary circumstances" necessary to excuse her failure to exhaust. ECF No. 26. Further, Petitioner does not dispute that she failed to pursue *any* remedies at the Central Office level, including any challenge to the basis for rejecting her appeal at the Regional level. *Id.* On this record, it is clear that Respondent's motion to dismiss for failure to exhaust administrative remedies is due to be granted.

## II.   Petitioner was afforded due process and evidence supports the conviction.

Even if Petitioner had exhausted her BOP administrative remedies before filing the Petition, the record reflects that she is not entitled to habeas corpus relief. "Prison disciplinary proceedings are not part of a

criminal prosecution, and the full panoply of [constitutional] rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974)).

> The Supreme Court has held that, when a prison disciplinary proceeding may result in the loss of good time credits, a prisoner is entitled to three procedural protections: (1) advance, written notice of the charges against him and at least 24 hours to prepare a defense; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his own behalf; and (3) a written statement by the factfinder of the evidence relied upon and the reasons for the disciplinary action.

*Stinger v. Grayer*, 159 F. App'x 914, 915 (11th Cir. 2005) (citing *Wolff*, 418 U.S. at 563–66). The revocation of good time credits "satisfies the minimal requirements of due process if the findings of the disciplinary officer are supported by 'some evidence.'" *Id.* (quoting *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985)). This analysis requires the district court to consider "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* (quoting *Hill*, 472 U.S. at 455–55)); *see Young v. Jones*, 37 F.3d 1457, 1460 (11th Cir. 1994) (when reviewing claims involving prison disciplinary proceedings, a federal court is limited "to determin[ing] whether an inmate receive[d] the procedural protections provided by *Wolff* and whether 'some evidence' exists which supports the hearing officer's determination").

In this case, Respondent's exhibits reflect that Petitioner received written notice of the charges ten days prior to the September 29, 2016, hearing. *See* ECF No. 16-1, Craddock Decl., Attachment C (Incident Report No. 2897384). Petitioner's incident report contained a detailed statement of the facts and charges against her. *Id.* Petitioner was afforded the opportunity to call witnesses and present documentary evidence on her behalf. *Id.,* Attachment F (Notice of Disciplinary Hearing Before the DHO dated September 28, 2016); *see also* Attachment G (Disciplinary Hearing Officer Report for Incident Report No. 2897384, dated October 14, 2016). Petitioner was offered, but waived, the assistance of a staff representative at hearing. *Id.,* Attachment F. Petitioner was afforded an impartial decisionmaker in the form of a disciplinary hearing officer who was not a witness to the charged offenses. *Id.,* Attachment G. The evidence upon which the conviction was based included the description of Petitioner's letter in the incident report as well as a copy of the letter itself, which was signed by Petitioner. ECF No. 16-1, Attachment C. Plainly, the evidence was more than sufficient to find Petitioner guilty of the charged offenses.

## Conclusion

For the foregoing reasons, it is respectfully **RECOMMENDED** that the Respondent's motion to dismiss the Petition for failure to exhaust, ECF No.

16, should be **GRANTED** and alternatively that the Petition should be denied on the merits.

   **IN CHAMBERS** this 17th day of October 2018.

                              *s/Gary R. Jones*
                              GARY R. JONES
                              United States Magistrate Judge

### NOTICE TO THE PARTIES

 **Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** **A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**